**In the Matter of Nelson D. DesCHAMPS, aka/dba DesChamps Trucking Company and Lucinda M. DesChamps, Debtor(s).**

**Bankruptcy No. 87–117.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 15, 1987.

David Steen, Tampa, Fla., for debtors.

Dennis Levine, Tampa, Fla., for Blaine Allison.

## ORDER ON ORDER DISCHARGING ORDER TO SHOW CAUSE AND DEBTORS' EMERGENCY MOTION FOR CONTEMPT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under reconsideration in this Chapter 11 case is this court's Order entered on April 14, 1987, which directed one Blaine M. Allison (Allison) to return a 1984 Kenworth Dump Truck to the Debtor, Nelson DesChamps (Debtor). The court also considered the Debtors' Emergency Motion for Contempt based on an alleged violation of the same Order of April 14, 1987. The Court has considered the Motions, together with the record and based on the same now finds and concludes as follows:

On March 1, 1984, Nelson DesChamps (Debtor) entered into a written agreement with Blaine H. Allison (Allison) (Exh. No. 2) pursuant to which Debtor agreed to purchase a 1984 Kenworth Dump Truck from Allison, I.D. # INKWLBOX5E5316173, subject to an existing lien in favor of Paccar Financial Corporation (PACCAR). The Debtor agreed to assume the remaining monthly payments due to Paccar and agreed to pay $8,500.00 to Allison upon delivery of the dump truck. In accordance with the agreement, the Debtor was given possession of the dump truck. On August 20, 1985, the Debtor formed a corporation known as DesChamps, Inc. The corporation procured and maintained insurance on the dump truck and made monthly payments to Paccar pursuant to the conditional financing arrangement between Paccar and Allison on behalf of the Debtor. The title was never transferred to the Debtor and the Certificate of Title lists Paccar and Allison as the registered owners and Paccar as the Lienholder (Exhibit # 1).

It is without dispute that at the time of the commencement of this case on January 9, 1987, the payments to Paccar were in arrears. On February 22, 1987, Paccar repossessed the dump truck and returned same to Blaine Allison. On March 17, 1987, this Court entered an Order and directed Blaine Allison to appear and show cause why he should not be held in contempt of court for repossessing the dump truck in violation of the automatic stay. After a hearing on April 14, 1987, the Court entered an Order and Discharged the Order to Show Cause but directed Mr. Allison to return the dump truck to the Debtors.

In moving for reconsideration of this Order Allison maintained that the automatic stay provisions did not apply to the dump truck because the Debtor had no ownership interest in the dump truck at the time of repossession. Thus, the same was not property of the estate therefore not protected by the automatic stay imposed by Section 362 of the Bankruptcy Code. The basis for this argument is that DesChamps, Inc., was listed as the insured for purposes of automobile insurance and the payments to Paccar were made by DeChamps, Inc., the corporation and not by the Debtor.

The term "property of the estate" is defined by § 541(a) which provides that "all legal or equitable interests of the debtor in property as of the commencement of the case" is property of the estate. It is with-

out dispute that the dump truck was purchased by the Debtor from Allison; that the Debtor was given possession and used same, even though the legal title to the truck remained in the name of Allison. Notwithstanding the Debtor had and still has a cognizable, equitable ownership interest in the dump truck. This equitable interest is property of the estate, protected by the automatic stay provisions of § 363(a). Therefore, the Court is satisfied that its ruling of April 14, 1987, was correct and the same is reaffirmed.

In its Order Discharging Order to Show Cause this Court ordered Allison to return the dump truck to the Debtors on or before Friday, April 10, 1987. It is without dispute that the Court order was disobeyed by Allison's failure to return the dump truck until May 14, 1987. Allison's exercise of control over property of the estate is a clear violation of the automatic stay provisions of § 362 of the Bankruptcy Code which provides,

> (a) ..., a petition filed ... operates as a stay, ..., of ...
>> (3) any act to obtain possession of property of the estate or of property from the estate or of property from the estate or to exercise control over property of the estate;

As a result of Allison's failure to return the dump truck, DesChamps was injured by being deprived of the dump truck's use for approximately one month. Section 362(h) of the Bankruptcy Code provides,

> An individual injured by any willful vilation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

Although there is nothing in evidence to show damages for deprivation of use, the Court is satisfied that DesChamps incurred costs, including attorney's fees, to enforce the Court order.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Order Discharging Order to Show Cause entered on April 14, 1987 be, and the same is hereby, affirmed. It is further

ORDERED, ADJUDGED AND DECREED that Blaine H. Allison pay to the Debtors damages, including costs and attorney's fees in the amount of $500.00.